CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2016

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:10-cr-00016-1 |
| v. | MEMORANDUM OPINION |
| EVERETT CORNELIUS KAYMORE, Petitioner. | By: Hon. Michael F. Urbanski<br>United States District Judge |

Everett Cornelius Kaymore, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 171). Court records indicate that the court already dismissed (Dkt. No. 155) a prior § 2255 motion (Dkt. No. 135) by which Petitioner could have raised the instant arguments about what factors or information the court should have considered or how the court applied the United States Sentencing Guidelines ("U.S.S.G.") during sentencing after he pleaded guilty. Thus, the § 2255 motion is a second or subsequent motion under 28 U.S.C. § 2255(h).[1] See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court dismisses the § 2255 motion without prejudice as successive. Based upon the court's finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 9th day of August, 2016. /s/ Michael F. Urbanski
United States District Judge

---

[1] To the extent the challenge arises under U.S.S.G. Amendment 794, Petitioner fails to establish how that amendment retroactively applies to his conviction. See, e.g., 18 U.S.C. § 3582(c); Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) ("We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice."); see also United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016) (holding Amendment 794 was intended as a clarifying amendment).