CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:10-cr-00016 |
| | ) | |
| v. | ) | |
| | ) | |
| EVERETT C. KAYMORE, | ) | By:  Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

The court sentenced Everett Cornelius Kaymore in March 2011. Kaymore appealed the judgment, which he voluntarily dismissed in July 2011. ECF No. 123. Before the court is Kaymore's fourth motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 794 to the United States Sentencing Guidelines (the "Motion").[1] ECF No. 191. Kaymore appeals to United States v. Carbajal, 717 F. App'x 234 (4th Cir. 2018), an unpublished Fourth Circuit that reversed and remanded a court's denial of a minor-role adjustment. Kaymore's Motion seeks the same treatment here.

The Fourth Circuit has previously held that "a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, so long as the amendment has been designated for retroactive application." United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004). But the Sentencing Commission did not make Amendment 794 retroactive. U.S.S.G. § 1B1.10(d); see also United States v. McNeill, 671 F. App'x 67, 68 (4th Cir. 2016) (finding that "Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding" because Section 1B1.10(d) "does not include Amendment 794"); United States v. Price, Crim No. ELH-13-0364, 2017 WL 2797490, at *2 (D. Md. June 27, 2017) ("Although Amendment 794 applies

---

[1] Amendment 794 concerns the commentary to United States Sentencing Guideline § 3B1.2 about being a "minor participant" in criminal activity.

retroactively in direct appeals . . . , the Sentencing Commission did <u>not</u> make Amendment 794 retroactively applicable on collateral appeal."). Because Kaymore was sentenced before Amendment 794, that Amendment is not relevant to his sentencing.

Moreover, it is clear from the face of the Statement of Facts, ECF No. 86, which Kaymore signed, that Kaymore would not be eligible for a minor-role reduction. On numerous occasions, Kaymore sold crack cocaine to a cooperating individual (the "CI") and had another coconspirator deliver the drugs to the CI. Even after police executed a search warrant at Kaymore's residence, which uncovered drug paraphernalia and a large quantity of cash, Kaymore continued his significant role in the conspiracy. During an interview, one witness stated he had been making deliveries of crack for Kaymore for nine months, and that Kaymore's "crack was the best around." Finally, during one controlled drug transaction, Kaymore told the witness that "he had people north and south of his house watching for [drug] officers." On these facts, and the absence of any contravening facts, the court could not conclude that Kaymore is eligible for a minor-role reduction.

Accordingly, Kaymore's Motion will be **DENIED**. An appropriate Order will be entered.

Entered: 05-16-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge