CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 23 2019
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 5:10-CR-16** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EVERETT C. KAYMORE,** | ) | **By: Hon. Michael F. Urbanski** |
| **Defendant** | ) | **Chief United States District Judge** |

## MEMORANDUM OPINION

Everett Cornelius Kaymore, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF Nos. 203, 207. He asks the court to reduce his current sentence of 240 months to 173 months.[1] The government asserts that Kaymore is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. For the reasons set forth below, the court will **GRANT** Kaymore's request in part and **MODIFY** his sentence to 180 months, to be followed by an 8-year term of supervised release.

[1] Kaymore also filed a pro se motion to reduce his sentence. ECF No. 194. In his pro se motion, he argues that his new sentencing guideline range is 210 to 262 months and he seeks a reduction to 184 months which is 26 months below the guidelines minimum of 210 months. He asserts that the 26-month reduction is proportional to the reduction from his previous guideline minimum of 262 months. However, Kaymore's calculation is wrong in two respects. First, as discussed below, his guidelines range is still 262 to 327 months. In addition, his sentence of 210 months was 22 months less than his guidelines minimum sentence, rather than 26 months. When Kaymore's counsel filed an amended motion to reduce his sentence, she suggested a sentence of 173 months.

## BACKGROUND

On October 26, 2010, Kaymore entered into a plea agreement in which he pleaded guilty to one count of conspiring to manufacture, possess with intent to distribute, and distribute 50 grams or more of cocaine base as charged in Count 1 of the indictment, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF Nos. 3, 84. In exchange, the government agreed to dismiss the remaining counts. ECF No. 84. Also, the government had filed an information providing notice of enhancement pursuant to 21 U.S.C. § 851, based on six previous drug convictions. As part of the plea agreement, the government withdrew the notice with regard to five of the previous convictions. ECF No. 84. On October 29, 2010, Kaymore pleaded guilty in accordance with the plea agreement. ECF Nos. 84-87.

Kaymore faced a statutory sentencing range of 20 years to life. 21 U.S.C. § 841(b)(1)(A) (2010); ECF No. 196 at 14. According to the PSR, Kaymore was responsible for between 280 grams and 840 grams of cocaine base. ECF No. 196. Under the sentencing guidelines, that drug quantity resulted in a base offense level of 32. He received a 3-point decrease for acceptance of responsibility for a subtotal offense level of 29. Based on two prior felony convictions for a controlled substance offense, Kaymore was found to be a career offender. Pursuant to U.S.S.G. § 4B1.1(a), Kaymore had a total offense level of 37, decreased by 3 points to 34. ECF No. 196. With his total offense level of 34 and his criminal history of VI, his guideline range was 262 to 327 months. U.S.S.G. Ch. 5, Part A; ECF No. 196.

On March 14, 2011, Kaymore was sentenced to a term of 240 months to be followed by a 10-year term of supervised release. ECF No. 106. He has served approximately 111 months and his projected release date is October 28, 2027. ECF No. 202.

Kaymore seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to time served.

**I. First Step Act**

At the time Kaymore was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.[2]

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose

[2] The Fair Sentencing Act also changed the sentencing guidelines. The government asserts that Kaymore received the benefit of the changes to the guidelines at the time he was sentenced but did not receive the benefit of the changes to the statute. Kaymore did not dispute the assertion.

a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Kaymore committed his offense before August 3, 2010, and even though his offenses carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, that he does not qualify for a sentence reduction. The government argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Kaymore's drug quantity in the Presentence Investigation Report (PSR) makes him ineligible. In the alternative, the government contends that even if Kaymore is eligible for a modification of his sentence, the court should exercise its discretion and decline to reduce the sentence because the applicable guideline range did not change and the guideline range is reasonable in light of Kaymore's criminal history and the circumstances of the offense.

**II. Drug Weight**

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. Because Kaymore was found responsible for between 280 and 840 grams of cocaine base in the PSR, which would

make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.

Kaymore responds that it is the drug weight charged in the indictment and not the drug weight in the PSR that determines eligibility for First Step Act relief. In Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013), the Supreme Court established that the drug weight is an element of the offense and any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. Under those two cases, if Kaymore were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 280 to 840 grams of cocaine base.

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In Alleyne, the Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Id. at 116 (overruling Harris v. United States, 536 U.S. 545 (2002)).

The government argues, correctly, that neither Apprendi nor Alleyne are retroactively applicable on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on

collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). The government then argues that for a period of time after Apprendi was decided, including before passage of the Fair Sentencing Act in 2010, the jury ordinarily made a finding regarding the threshold penalty, but the court could and did impose statutory-minimum penalties regardless of any jury finding. That practice was authorized by Harris, and Alleyne did not overrule Harris until three years later, and three years after the Fair Sentencing Act was enacted.

The government contends that nothing in the First Step Act suggests that Congress intended to adopt a different methodology, and that the act only directs the court to examine a sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time, and not to change the manner of determining quantity. In essence, the government is asking the court to apply the holding in Harris and disregard Alleyne when examining Kaymore's sentence. However, Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the last six years of Supreme Court federal sentencing jurisprudence and this court declines to do so.

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury. Alleyne, 570 U.S. at 116. The court in Kaymore's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, which is the amount to which he pleaded guilty.

ECF No. 82. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on 280 to 840 grams of cocaine base referenced in the PSR. Thus, although Apprendi and Alleyne are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act. See United States v. Opher, Crim. No. 00-323-09, 2019 WL 3297201 at 814 (D.N.J. July 23, 2019) (noting that courts have consistently rejected the notion that Congress legislates without regard to constitutional norms); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

**III. Discretion of the Court**

The government argues that if the court finds Kaymore eligible for consideration under the First Step Act, that it should exercise its discretion to deny him relief, in light of the drug

weight. It claims that if Kaymore had been prosecuted after passage of the Fair Sentencing Act, he would have been subject to prosecution for possession of at least 280 grams of cocaine base, making him eligible for the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

This appears to be the approach taken by the court in United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019). There, a defendant was indicted and pleaded guilty to possession with intent to deliver 5 grams or more of cocaine base. In the plea agreement, he agreed to be held responsible for 20-35 grams of cocaine base, and the PSR said he was responsible for at least one ounce (28.35 grams) of cocaine base. Id. at *1. He sought relief under the First Step Act based on his plea of guilt to the 5 grams of cocaine base. Id. at *2. The court denied relief, finding that if the Fair Sentencing Act had been in effect at the time the defendant was indicted, the government would have charged him under 18 U.S.C. §841(b)(1)(B)(iii).

This approach was rejected by the court in Dodd, 2019 WL 1529516 at *3. There, the court found that such a speculative claim is insufficient and that many things might have been different at the time the defendant was indicted and tried. The court was unwilling to engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Id. See also United States v. Pierre, 372 F.Supp.3d 17 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the

offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme).

This court finds the reasoning in Dodd and Pierre persuasive. While it is possible that the government would have proceeded against Kaymore, under 18 U.S.C. §841(b)(1)(A), it also is possible that it would have chosen not to do so. The government could have determined that the evidence was insufficient to prove the quantity beyond a reasonable doubt, or if Kaymore were indicted on that amount, the parties might have entered into a plea agreement where Kaymore pleaded to less than 280 grams of cocaine base.

The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Kaymore's eligibility for a sentence reduction. Thus, this court declines to assume that Kaymore would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Kaymore's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is based on the previous argument that in cases brought after the passage of the Fair Sentencing Act but prior to Alleyne, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in Alleyne, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Kaymore and finds that it is compelled by Alleyne to look only at the quantity of drugs for which Kaymore was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Kaymore's sentence under the First Step Act because other defendants may have been sentenced differently.

Under the First Step Act, Kaymore's statutory sentencing range based on 50 grams of cocaine base is 10 years to life, and an 8-year term of supervised release. His sentencing guidelines range is the same as it was at sentencing: 262 to 327 months.[3] Thus, the relevant change for Kaymore is that he no longer is subject to a 20-year mandatory minimum sentence.

The government asserts that his current sentence of 240 months is below the guideline range and that a further variance below the guideline range should not be granted to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible

[3] If Kaymore were sentenced today based on 50 grams of cocaine base, under 21 U.S.C. § 841(a)(1)(B), his statutory minimum and maximum sentences would be 10 years to life because of his prior felony drug convictions. His base offense level would be 30, increased to 34 because of his status as a career offender. U.S.S.G. § 4B1.1. His offense level of 34 coupled with his criminal history category of VI renders a guideline range of 262 to 237 months, as it was when he was sentenced originally.

for consideration of sentences below the guideline range at the implementation of the reduction granted by Amendment 782. The government once again appears to be asking the court to disregard the changes to sentencing law brought about by the First Step Act because the changes are limited in scope. The court does not find the fact that not all defendants were eligible for Amendment 782 reductions to be a reasonable basis for denying a reduction to which Kaymore is entitled under the First Step Act.

The court finds that it has authority under 18 U.S.C. § 3582(c)(1)(B)[4] to modify Kaymore's sentence, taking into account the advisory nature of the guidelines after Booker[5] and the considerations set forth in 18 U.S.C. § 3553(a). The PSR noted that Kaymore had a long history of drug offenses beginning at age 16 with a charge of possession of crack cocaine. He reported use of alcohol beginning at age 12, cocaine at age 16, and heroin at age 23. At the time he was sentenced in the instant case he had served a cumulative period of incarceration of at least seven years. ECF No. 196.

However, the PSR also noted that Kaymore withdrew from high school during his tenth-grade year. Since he has been incarcerated, he has earned his GED and has taken a number of other classes. He currently works as a barber. In the nine years he has been in federal custody, he has committed no disciplinary infractions. His security classification has been reduced to "low" and he has been at a low-security camp for several years. ECF No. 207.

---

[4] "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B).

[5] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).

The court has reviewed Kaymore's PSR, the addendum to the PSR, the evidence submitted by Kaymore, and the arguments of the parties. Under the current sentencing guidelines and the 18 U.S.C. § 3553 factors, a sentence below the guidelines range is warranted, but release to time served would not account for the seriousness of Kaymore's offense and his long history of drug dealing. Accordingly, the court modifies Kaymore's sentence to 180 months of incarceration, to be followed by an 8-year term of supervised release.

The court finds that a sentence of 180 months is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Further, this sentence expressly takes into account First Step Act sentences for other defendants in this drug conspiracy case in an effort to avoid unwarranted sentence disparities. Accordingly, the court **GRANTS** Kaymore's motions under the First Step Act, ECF Nos. 194, 203, 207, and reduces his sentence to 180 months, to be followed by an 8-year term of supervised release.

An appropriate Order and amended judgment will be entered.

It is so **ORDERED**.

Entered: 10/22/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge