IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:10-CR-00016 |
| v. | ) | |
| | ) | |
| EVERETT CORNELIUS KAYMORE, | ) | By:   Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Everett Cornelius Kaymore's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 215. The Federal Public Defender has supplemented Kaymore's pro se request. ECF No. 220. The government opposes it. ECF No. 223. For the reasons stated herein, the court will **DENY** Kaymore's motions.

### I.

On October 26, 2010, Kaymore entered into a written plea agreement in which he pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF No. 84. On March 14, 2011, Kaymore was sentenced to 240 months of incarceration. ECF No. 106. On October 22, 2019, Kaymore's sentence was reduced to 180 months pursuant to the Fair Sentencing Act. ECF No. 214. Kaymore has been in continuous custody since May 28, 2010, ECF No. 108 at 1, and has served over 80% of his sentence, ECF No. 220-1 at 2. Kaymore is currently housed at FCI Jesup and has a projected release date of March 7, 2023.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Apr. 6, 2021) (search inmate number "14802-084").

Kaymore seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Kaymore is 40 years old, obese, and has been diagnosed with hyperlipidemia. ECF No. 220 at 1; see also ECF No. 220-6 at 33. Kaymore also reports that he has sickle cell trait.[2] ECF No. 220 at 1. Kaymore worries that he is unable to protect himself from COVID-19 while at FCI Jesup and says he is particularly susceptible to COVID-19 because he is black. ECF No. 215 at 2. Kaymore tested positive for COVID-19 in late June or early July of 2020, ECF No. 220 at 3, and denied any symptoms to BOP medical officials, ECF No. 220-6 at 2, 7. However, he states that he "was as sick as he has even been in his life." ECF No. 220 at 4 (internal quotations omitted). Kaymore asks the court for a reduction of his sentence to time served. Id. at 14. The government opposes any reduction for Kaymore. ECF No. 223. This matter is fully briefed and ripe for disposition.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or

---

[2] Kaymore states in his pro se motion that he has sickle-cell anemia, ECF No. 215 at 2, but the Federal Public Defender states that Kaymore has sickle cell trait, ECF No. 220 at 1. However, neither Kaymore nor the Federal Public Defender point to any specific diagnosis in Kaymore's BOP medical records.
[3] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Kaymore's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Kaymore is a danger to the safety of the community.

   i.   <u>Kaymore has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the

3

warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Kaymore requested compassionate release from the warden of his facility on July 22, 2020. ECF No. 220-3 at 1. The warden denied Kaymore's request on September 3, 2020. Id. Kaymore filed a motion for compassionate release with this court on August 24, 2020. ECF No. 215. The government does not contest that Kaymore has exhausted his administrative remedies. ECF No. 223 at 7–8. Accordingly, the court finds that Kaymore has satisfied the statute's exhaustion requirement.

ii. <u>Kaymore does not present extraordinary and compelling circumstances.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other

4

reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n.1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[4]

Here, Kaymore is obese, which "can" make him "more likely to get severely ill from COVID-19."[5] He also has been diagnosed with hyperlipidemia. ECF No. 220-6 at 33. However, the CDC does not recognize hyperlipidemia as an underlying medical condition that places an adult at an increased risk for severe illness from COVID-19.[6] Additionally, although Kaymore claims that he has sickle cell trait, his BOP medical records do not indicate any diagnosis. Accordingly, the court declines to consider this undocumented condition in ruling on Kaymore's current motions. Although obesity is an aggravating factor of the severity of COVID-19, that alone is not necessarily enough to weigh in Kaymore's

---

[4] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021).
[5] Id.
[6] Id.

5

favor for compassionate release. See United States v. Bradley, No. 3:16-cr-50008, 2020 WL 6703802, at *7 (W.D. Va. Nov. 13, 2020) (reasoning that obesity in and of itself is not enough to grant compassionate release). Kaymore has also already contracted COVID-19 once and, thankfully, recovered. ECF No. 220 at 3; see also ECF No. 220-6 at 1–2, 7. Kaymore's recovery is encouraging and "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[7] Accordingly, Kaymore has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction.

While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." Raia, 954 F.3d at 597. Because the court finds that Kaymore has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[8]

### III.

For the reasons stated herein, the court will **DENY** Kaymore's motions for compassionate release, ECF Nos. 215, 220. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:   April 7, 2021

---

[7] Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Apr. 6, 2021).
[8] Because the court finds that Kaymore has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

Michael F. Urbanski
Chief U.S. District Judge
2021.04.07 15:15:15
-04'00'

Michael F. Urbanski
Chief United States District Judge