CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 22, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:10-CR-00016 |
| v. | ) |
| | ) |
| EVERETT CORNELIUS KAYMORE, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Senior United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Everett Cornelius Kaymore's pro se motion for early termination of supervised release. ECF No. 228. For the reasons stated below, the court **DENIES without prejudice** Kaymore's motion.

On May 20, 2010, Kaymore and two codefendants were indicted on nine counts related to distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. Indictment, ECF No. 3. Pursuant to a Rule 11(c)(1)(C) plea agreement, Kaymore pled guilty to Count One of the indictment, conspiring to manufacture, possess with intent to distribute and distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Plea Agreement, ECF No. 84. On March 14, 2011, the court sentenced Kaymore to a term of 240 months, to be followed by a 10-year term of supervised release. J., ECF No. 106. On August 31, 2020, pursuant to the First Step Act of 2018, Kaymore's sentence was reduced to 180 months, to be followed by an 8-year term of supervised release. ECF Nos. 213, 214. Kaymore was released from custody to begin serving his term of supervised release on March 7, 2023. Mot., ECF No. 228 at 2. Kaymore has served approximately 16 months of his 8-year term of supervised release.

The court sought input from the United States Probation Officer who supervises Kaymore.[1] The officer advised that Kaymore has been compliant with the terms of supervision. He has had no positive drug screens and no violations of the conditions of supervision. He has maintained a stable residence and stable employment until he was injured on the job and filed a pending worker's compensation claim. Nevertheless, although Kaymore has done well on supervision, the officer does not recommend early termination at this time because he has served only a little more than 1 year of his 8-year term. The government acknowledges that Kaymore has done well on supervised release but opposes early termination because of the mandatory minimum length of his supervised release term and the relatively short amount of time he has served thus far. Resp., ECF No. 232.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing

---

[1] Kaymore is supervised out of the Tampa Division of the Middle District of Florida.

2

Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Kaymore was convicted of participating in a conspiracy involving his wife and another defendant in which he obtained crack cocaine from a source in Mexico and sold it in the Winchester, Virginia area. Presentence Investigation Report (PSR), ECF No. 196 ¶¶ 7–10.

3

Evidence showed that after Kaymore was arrested by state authorities on January 13, 2010, upon bonding out of jail, he immediately resumed selling cocaine base and continued to sell it until his arrest on federal charges on May 28, 2010. Id. ¶ 10. While his participation in the conspiracy itself weighs neither in favor nor against early termination, the fact that Kaymore began selling drugs immediately after being released from jail in 2010 raises concerns about his need for continued supervision in what are still the relatively early days of his release from incarceration.

Regarding his history and characteristics, Kaymore reported a difficult upbringing and said that he often was left in the care of older brothers who were drug addicts and would leave him in a vehicle or crack house while they abused drugs. Id. ¶ 48. Kaymore's criminal history involved several drug offenses and one offense of being a felon in possession of a firearm, but none of Kaymore's offenses involved violence. Id. ¶¶ 26–35. Kaymore reported that he started drinking alcohol at age 12 and started using cocaine at 16 and heroin at 23. Prior to his arrest, he was drinking liquor, smoking crack cocaine, and using heroin daily. He also smoked marijuana several times per month and used ecstasy when it was available. Id. ¶ 52.

Despite his drug use and criminal record prior to incarceration, Kaymore has done well on supervision, with no positive drug tests or violations. He reports that he has obtained a commercial driver's license and is employed as a truck driver.[2] He would like to be released from supervision so that he can drive longer distances. While incarcerated, he had good conduct and was classified at the lowest custody level when he was released from the Bureau

---

[2] The court notes that this information conflicts with the report by the United States Probation Officer that Kaymore is not currently working because he was injured at work. Whether Kaymore is working or unable to work at this time because of an injury is not dispositive of his motion for early termination.

4

of Prisons. Mot., ECF No. 228 at 1–2. Taken as a whole, the court finds that Kaymore's history and characteristics are neutral factors in determining whether early termination of supervised release is appropriate. While he did very well when he was incarcerated and has done very well in the 16 months he has been out of custody, the court remains concerned about his years of addiction and the criminal acts that he committed prior to incarceration.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having Kaymore remain on supervised release will provide benefits to both Kaymore and the public. Kaymore has been successful on supervised release with the structure and guidance he has received from his probation officer. Remaining on supervised release assures that he will be held accountable for his conduct as he continues to adjust to life outside of prison and increases the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of Kaymore's offenses, he faced a statutory minimum term of supervised release of eight years. The fact that Kaymore is serving the minimum term of supervised release and has served only a little more than one year of the term weighs against early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Kaymore's supervised release, the court **DENIES without prejudice** Kaymore's motion for early termination. To be sure, Kaymore's accomplishments to date on supervision are very positive. However, the court remains concerned about the stability of Kaymore's success given his previous criminal history and many years of drug addiction. Having him

5

remain on supervised release will provide him with continued structure and accountability, serve to protect the community, and give him a greater chance of long-term success when he is released from supervision.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: July 19, 2024

*/s/ Michael F. Urbanski*
Michael F. Urbanski
Senior United States District Judge